IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

KRYSTAL BLEDSOE PLAINTIFF

v. Civil No. 6:25-CV-06079-SOH-MEF

LIEUTENANT JAMES BROWN and
CITY OF CADDO VALLEY, ARKANSAS DEFENDANTS

**ORDER**

Before the Court is Defendants' Motion to Compel Plaintiff's Discovery Responses, filed on August 18, 2026, along with eight Exhibits and a Brief in Support. (ECF Nos. 13, 14). Plaintiff has not responded to Defendants' Motion to Compel, and the time for doing so has passed. Defendants' Motion is ripe for decision, and all pretrial matters have been referred to the undersigned pursuant to 28 U.S.C. §§ 636(b)(1) and (3). (ECF No. 15). For good cause shown, the Court GRANTS Defendants' Motion to Compel.

## I. Background

The Hon. Susan O. Hickey issued the Final Scheduling Order in this matter on May 27, 2026, which set a discovery deadline of December 21, 2026, and a jury trial the week of April 19, 2027. (ECF No. 11). On June 5, 2026, Defendants, the City of Caddo Valley and Lieutenant James Brown, propounded their first set of interrogatories and requests for production of documents to Plaintiff. (ECF No. 13, pp. 1, 6-13). In addition to sending these discovery requests to Plaintiff by certified mail, Defendants sent them to Plaintiff by e-mail on June 8, 2006. (*Id*., pp. 1, 14-21). On July 10, 2026, Defendants sent a good-faith letter via email to Plaintiff requesting her past-due discovery responses and initial disclosures by July 15, 2026. (*Id*., p. 22). Also on

July 10, 2026, Defendants propounded their second set of interrogatories and requests for production via email to Plaintiff. (*Id.*, pp. 1, 23, 25-28). In an e-mail exchange with Defendants' counsel on July 14, 2026, Plaintiff sought to reschedule her deposition, which Defendants had noticed for August 3, 2026, and she indicated that she had recently seen "the emails of some discovery requests" and had "just" been "able to fully review the emails … regarding discovery." (*Id.*, pp. 45-47). On July 22, 2026, Defendants' counsel sent another good-faith letter via email to Plaintiff, acknowledging a recent filing in which Plaintiff had indicated experiencing some health issues in May, and requesting that Plaintiff provide discovery responses by July 29, 2026. On July 28, 2026, Plaintiff stated that she needed until at least August 7, 2026, to provide the responses, citing "personal circumstances" and "obligation of other legal matters." (*Id.*, pp. 44-45). Defendants' counsel agreed to extend the deadline for Plaintiff's discovery responses to August 7, 2026, and noted the deadline could not be extended beyond that date. (*Id.*, p. 43). On the evening of Friday, August 7, 2026, Plaintiff emailed Defendants' counsel and said she "was in a wreck recently" and would be "sending it Monday[,]" August 10, 2026. (*Id.*). Plaintiff did not respond, and has not since responded, to Defendants' interrogatories and requests for production. (*Id.*, p. 2, ¶ 8).

## II. Legal Standards

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . .." The Rule reflects the indispensable nature of discovery in our civil system of justice and entitles reasonable access to "all evidence bearing on the controversy between [the parties], including that [evidence] in control of adverse parties." *Basra v. Ecklund Logistics, Inc.*, No. 8:16-cv-83, 2016 WL 7413474, at *2–3 (D. Neb. Dec. 22, 2016). The Rule is

construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (construing the same language that appeared in a prior version of Rule 26); *see also Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992) (stating that Rule 26 "is liberal in scope and interpretation, extending to those matters which are relevant and reasonably calculated to lead to the discovery of admissible evidence"). Despite its liberal scope, Rule 26 does not extend to irrelevant matters, situations where compliance is unduly burdensome, or "where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information." *Miscellaneous Docket Matter #1 v. Miscellaneous Docket Matter #2*, 197 F.3d 922, 925 (8th Cir. 1999) (internal quotation and citation omitted).

Federal Rule of Civil Procedure 37 provides for various motions to compel discovery, depending on the particular failure of the non-moving party. Applicable here is Rule 37(a)(3)(B) which provides that a party seeking discovery may move for an order to compel answers or production against another party when the other party fails to answer interrogatories under Rule 33 or produce documents under Rule 34. The purpose of Rule 37 is to provide the mechanism by which Rules 33 and 34 can be made effective; however, Rule 37 is not a blanket enforcement mechanism. Those wishing to compel discovery must certify that they have in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action. Fed. R. Civ. P. 37 (a)(1).

## III. Discussion

Plaintiff has not responded to, nor objected to, Defendants' interrogatories and requests for production of documents, and the time to do so has passed. Defendants have in good faith conferred with Plaintiff to obtain the requested discovery without seeking intervention of the Court

regarding her failure to meet her discovery obligations, even extending the time within which Plaintiff was to respond, but then Plaintiff did not respond. Further, she has not responded to Defendants' Motion to Compel.

The information sought by Defendants is necessary and relevant for them to prepare for trial as well as to prepare a motion for summary judgment. Defendants have shown good cause for the issuance of an Order to Compel.

## IV. Conclusion

For the reasons and upon the authorities discussed above, Defendants' Motion to Compel (ECF No. 13) is **GRANTED**. Plaintiff is **ORDERED** to respond to Defendants' first and second sets of interrogatories and requests for production of documents no later than September 18, 2026. Plaintiff's failure to do so may result in sanctions, including the dismissal of this action.

IT IS SO ORDERED on this 8th day of September 2026.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE